IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 NOV 19  AM 9:52

JEFFREY P. COLWELL
CLERK

Civil Action No. _____   BY_____DEP. CLK

(To be supplied by the court)

Misty S. Siderfin _____, Plaintiff

v.

The Town of Severance _____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

---

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Misty S. Siderfin - 842 Hughes Lane, Highlands Ranch, CO 80126
 (Name and complete mailing address)

720-530-6556 & mist6575@comcast.net
 (Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: The Town of Severance – P.O. Box 339, Severance, CO 80546
 (Name and complete mailing address)

 970-686-1218 & nwharton@townofseverance.org
 (Telephone number and e-mail address if known)

Defendant 2: _____
 (Name and complete mailing address)

 _____
 (Telephone number and e-mail address if known)

C. **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

__x__ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

__x__ Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

____ Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

__x__ Other: *(please specify)* Retaliation & U.S. Constitution

2

### D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>SEX DISCRIMINATION HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII</u>

The conduct complained of in this claim involves the following: (*check all that apply*)

    ___ failure to hire      _x_ different terms and conditions of employment

    ___ failure to promote      _x_ failure to accommodate disability

    _x_ termination of employment      _x_ retaliation

    _x_ other: (*please specify*) <u>Unpaid leave</u>

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    ___ race      ___ religion      ___ national origin      ___ age

    ___ color      _x_ sex      _x_ disability

Supporting facts:

The Town of Severance (hereinafter referred to as the "Town") and its assigns, all current and former employees, servants, agents, contractors, current and former elected and appointed officials, members, successors, predecessors, attorneys, insurance carriers, and self-insurance pools (hereinafter referred to jointly as "Releasees") engaged in sex discrimination, disability discrimination, and retaliation against me resulting in my placement on unpaid leave and ultimately termination from my employment with the Town. The Town's unlawful discrimination and retaliation against me has caused and continues to cause substantial injuries, damages, and losses, including economic and emotional harm.

Plaintiff realleges and incorporates by reference all allegations in each and every preceding and subsequent paragraph as if fully set forth herein.

3

1. Mrs. Siderfin was appointed as Chief of Police of the Town of Severance in July 2018 and tasked with creating the Town's first police department. Mrs. Siderfin has sixteen years of experience in law enforcement.

2. Prior to Mrs. Siderfin's appointment, the Town had very few female employees and no females in appointed positions. The prior Town Administrator refused to work with women.

3. The new Town Administrator, Nick Wharton, advocated for a woman in the Chief of Police position. Mrs. Siderfin later discovered that he wanted a woman in the position because he thought that he could more easily control a woman, particularly one he perceived as submissive. Wharton told Mrs. Siderfin repeatedly that she would not have gotten the job but for him because she was a woman.

4. In October 2018, Mrs. Siderfin hired a female Sergeant, who previously worked with her for many years.

5. During Mrs. Siderfin's employment, Wharton held female employees to a higher standard than male employees; he often criticized women's performance and questioned their judgment yet overlooked documented performance issues with many of the male employees.

6. Beginning in March 2019, Mrs. Siderfin started complaining to the Human Resources Director and Wharton about the way the Public Works Director was treating female employees; he was rude, condescending and disrespectful to women. Wharton defended him, claiming this his discriminatory behavior was "just the way he is" and female employees needed to communicate better with him.

7. Around the same time, Wharton became abusive to the female employees he supervised, including Mrs. Siderfin. For example, he would frequently lose his temper and yell obscenities, including "fuck,' "asshole," and "fucking bitch."

4

8. Wharton also micro-managed the female-led departments, but not the male-run departments. There were serious security and confidentiality issues with Wharton's control over the police department because he had unfettered access to information and evidence without the proper credentials or training.

9. In May 2019, Mrs. Siderfin complained to HR about Wharton's offensive behavior, preferential treatment of male employees, and micro-management of the Police Department. The HR Director agreed with Mrs. Siderfin that Wharton's behavior was unacceptable but did nothing to address it.

10. Defendants, by and through the human resources and/or managerial employees of the Town, knew or should have known that Wharton and McCleod had a history of engaging in sex discrimination, retaliatory and/or harassing behavior against subordinates which put Mrs. Siderfin at risk of being subjected to sex discrimination, retaliatory and/or harassing behavior by Wharton and McCleod.

11. A reasonably prudent person in the position of the Town's human resources, would have taken actions to prevent or otherwise stop Wharton and McCleod's sex discrimination, retaliatory and/or harassing behavior.

12. On or around July 15, 2019, Mrs. Siderfin sustained a mild traumatic brain injury, which required her to miss two weeks of work. When Mrs. Siderfin came back to work, half days on modified duty, Wharton started harassing her. For example, he told Mrs. Siderfin that she would have to work full time in order to get fully paid and questioned whether Mrs. Siderfin was working when she said she was.

13. In early August 2019, Mrs. Siderfin complained to HR a second time that Wharton was treating her even worse since her injury. Mrs. Siderfin also complained again about Wharton's micro-management of the police department.

14. In mid-August 2019, Mrs. Siderfin complained to Wharton that the Mayor (McCleod) thinks she cannot do her job because Mrs. Siderfin is a girl. Wharton admitted the Mayor did not trust Mrs. Siderfin and thought she could not handle the small-town environment.

15. In late August 2019, Mrs. Siderfin and her female Sergeant met with Wharton and requested that he do the following:

   1. Relinquish Wharton's key to the evidence room.
   2. Removal of Wharton as the administrator on the police department body camera system allowing himself full access to all recordings and remote (live) access as this compromised the chain of evidence and presented potential HIPAA violations for recordings pertaining to criminal/medical cases.
   3. Provide the police department with a secure computer file(s)/drive allowing no one, including Wharton, access due to confidentiality and security requirements.
   4. Removal of Wharton's full access to all of the police department's computers since he had password override for all Town computers. His overriding password allowed him full access onto the computers where the Colorado Crime Information Center/National Crime Information Center (CCIC/NCIC) terminals were kept. This is in direct violation of the Colorado Bureau of Investigations (CBI) and Federal Bureau of Investigations (FBI) regulations.

Wharton became irate and refused to give up his access to the police department's body cameras knowing it compromised the integrity of each video, chain of custody for evidentiary purposes, and presented HIPAA violations with recording involving criminal/medical care. He also refused removal of his full access to the police department itself (at all times) knowing it presented issues with CCIC/NCIC regulations, and stated he (Wharton) was able to maintain full access to all computers since he was the Town Administrator.

CLAIM TWO:   RETAILIATION FOR ENGAGING IN PROTECTED ACTIVITY UNDER TITLE VII

Supporting facts:

Plaintiff realleges and incorporates by reference all allegations in each and every preceding and subsequent paragraph as if fully set forth herein.

6

16. Defendants knew that Plaintiff had engaged in protected activity under Title VII by complaining that she was being subjected to sex discrimination and unlawful retaliation. On September 9, 2019, at a Town Council meeting, Mrs. Siderfin requested permission to hire an additional Sergeant to meet the high demand for service. Mayor McCleod became irate and berated her in public for requesting more resources for the police department. Members of the public attempted to stand up for her, of and on their own volition, during the meeting to no avail. That next day, Mrs. Siderfin complained to both Wharton and the HR Director about the hostile and offensive way that the Mayor treated her.

17. On or about September 10, 2019, Mrs. Siderfin was given a "verbal written warning" with many vague and untrue allegations, including lack of policy, lack of communication, inability to delegate, and improper discipline of employees. The only specific allegation related to the conduct of her Sergeant, who received a final written warning that same day.

18. As a result of the verbal warning, Mrs. Siderfin was stripped of all management duties, including disciplining officers, approving training requests, creating schedules, approving timesheets, and finalizing the draft policies; these responsibilities were given to Wharton and Human Resources. Thus, Wharton finally had the control over the police department that he wanted.

## CLAIM THREE: <u>DISCRIMINATION FOR DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT</u>

Plaintiff realleges and incorporates by reference all allegations in each and every preceding and subsequent paragraph as if fully set forth herein.

19. Two and a half weeks later, on September 27, 2019, Mrs. Siderfin sustained a head injury while at work. She was placed on temporary work restrictions that included no participation in arrests or calls for service, no use of weapons, limited screen time, no driving, and avoidance of loud noises and stressful situations.

20. On or around October 7, 2019, *while Mrs. Siderfin was on medical leave awaiting approval of her worker's compensation claim and treatment for her injury*, Mrs. Siderfin was placed on administrative leave for unspecified "concerns" within the police department and told that her continued employment with the Town depended upon her participation in an investigative interview, which violated her medical restrictions.

7

Additionally, it was later admitted that the administrative leave in October 2019 for a pending investigation for unspecified "concerns" was regarding the previous written warning issued the previous month; where punishment had already been issued presenting double jeopardy concerns. Also, the proper following of guidelines for Officers of the Town was not followed as outline within the Colorado Revised Statue.

21. While Mrs. Siderfin was on administrative leave, the Town appointed a male Interim Chief, who it paid over $25,000 more than her although he did not respond to calls for service or remain on-call 24x7. The Town additionally approved the Interim Chief's request for another Sergeant during a board meeting.

22. On or around December 2, 2019, the female Sergeant was terminated and later replaced by a male.

23. On or around December 18, 2019, without having engaged in the interactive process, the Town informed Mrs. Siderfin that they were unable to accommodate her medical restrictions and were moving towards termination of her employment. Several of Mrs. Siderfin male colleagues were permitted to work on restricted duty. One officer whom had a fracture in his leg, another officer had emergency surgery on his foot, the Finance Director had to reduce his hours due to a persistent medical issue and two male Public Works employees took paternity leave.

24. Upon the insistence of my attorneys, the Town permitted Mrs. Siderfin to identify the accommodations she needed to perform her job duties, which she did and was supported with multiple letters from doctors.

25. Each time Mrs. Siderfin submitted a doctor's letter, the Town said it needed more information. The doctors refused to provide any more information about her cognitive functioning without a neuropsych exam, which was denied by the worker's compensation carrier.

26. On April 6, 2020, despite knowledge that the worker's compensation carrier finally had approved Mrs. Siderfin claim, treatment plan, and neuropsych exam, the Town went forth

8

and terminated her employment, claiming she was unable to perform the essential duties of her position and that no reasonable accommodations were available.

27. Mrs. Siderfin finally had the neuropsych exam in mid-May 2020, which showed that her concentration and attention issues are mild and can be addressed through therapy and accommodations.

28. Defendants, by and through the human resources and/or managerial agents of the Town, negligently breached their duty of care to Mrs. Siderfin by failing to make reasonably prudent efforts to prevent or to stop Wharton and McCleod's retaliation and/or harassing behavior toward Mrs. Siderfin.

29. In failing to exercise reasonable care in the supervision of Wharton, Defendants, by and through the human resources and/or managerial employees of the Town, were negligent, causing Mrs. Siderfin significant injuries, damages, and losses.

30. A reasonable employee would file reports of criminal activity to the police. Mrs. Siderfin was unable to file reports as they would go to the Town Police Department since Mrs. Siderfin lived in the Town of Severance's jurisdiction. Mrs. Siderfin was subjected to repeated discipline in the form of verbal and written warnings and termination of employment related to the same case even after serving punishment (double jeopardy) to be materially adverse employment actions.

29. The effect of Defendants' practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her sex and because of her complaints of discrimination and retaliation in addition to complaints of Wharton accessing things within the police department when he should not have.

30. These unlawful employment practices were intentional.

31. Defendants engaged in the unlawful employment practices with malice or with reckless indifference to Plaintiff's federally protected civil rights.

9

32. Defendants' negligence was the proximate cause of Mrs. Siderfin's damages described herein, including but not limited to economic losses and emotional distress.

As a result of the Town's actions, as previously set forth, Mrs. Siderfin has suffered significant emotional distress and economic damages.

### E. ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

    __x__ Yes (***You must attach a copy of the administrative charge to this complaint***)

    ___ No

Have you received a notice of right to sue? (*check one*)

    __x__ Yes (***You must attach a copy of the notice of right to sue to this complaint***)

    ___ No

### F. REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

WHEREFORE, Plaintiff respectfully requests:

1. That this Court assume jurisdiction;

2. That this Court enter judgment in Plaintiff's favor and against Defendants;

3. That this Court declare the actions of Defendants described in this Complaint to be in violation of Title VII, as amended, in violation of the Americans with Disabilities Amendments Act, retaliated against for complaining about sex and disability discrimination and for requesting accommodations in violation of Title VII and the ADA and the common law of the State of Colorado;

4. That this Court award Plaintiff all appropriate relief at law and equity, including but not limited to back pay with pre-judgment interest, front pay, a gross-up adjustment for taxes and any subrogation interests and all other make whole relief, including all available consequential/compensatory damages;

5. That this Court grant compensatory and consequential damages against Defendants, including but not limited to damages for emotional distress, humiliation, loss of income, loss of employment opportunities and enjoyment of life, and other pain and suffering on all claims by law in the amount to be determined at trial against the Defendants, as allowed by law;

6. That this Court grant exemplary and/or punitive damages as allowed by law;

7. That this Court award attorneys' fees and costs of this action, including expert witness fees, on all claims allowed by law;

8. That this Court award pre-judgment and post-judgment interest at the highest lawful rate; and

9. That this Court award such additional or alternative relief as may be just, proper and equitable.

## G.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying

11

existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_Misty S. Sidra Xiu_
(Plaintiff's signature)

_NOVEMBER 18, 2021_
(Date)

(Form Revised December 2017)